WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff Robert Thurman-Silva*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT THURMAN-SILVA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EMPLOYBRIDGE SOUTHWEST, LLC d/b/a PROLOGISTIX, a Foreign Limited-Liability Company; THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC., a Foreign Corporation; and, TESLA MOTORS, INC., a Foreign Corporation; DOE BUSINESS ENTITIES 1-10; DOE INDIVIDUALS 1-10.<br><br>Defendants. | CASE NO: 3:19-cv-683<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff ROBERT THURMAN-SILVA, by and through his counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby complains of Defendants EmployBridge Southwest, LLC d/b/a ProLogistix, Thyssenkrupp Supply Chain Services NA, Inc., and Tesla Motors, Inc., as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment-discrimination case arising under the Americans with Disabilities Act. From March 11, 2018 through March 13, 2018, Plaintiff ROBERT THURMAN-SILVA worked as a parts inspector at Tesla Inc.'s gigafactory located in Sparks, Nevada. Plaintiff alleges herein that he

1

suffered discrimination and retaliation based on his disabilities, when Defendants refused to accommodate his disabilities, failed to engage in the interactive process, and terminated him. Plaintiff seeks monetary, equitable, and injunctive relief.

## II.

## JUISDICTION AND VENUE

1. The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). In particular, this case asserts federal discrimination claims, actionable under the Americans with Disabilities Act and the Americans with Disabilities Act Amendment Act (collectively, "ADA"), codified at 42 U.S.C. § 12101 *et seq*. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

2. Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Sparks, County of Washoe, Nevada, and because:

(a) Defendants EMPLOYBRIDGE SOUTHWEST, LLC d/b/a PROLOGISTIX, THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC., and TESLA, INC. conducted business in the City of Sparks, County of Washoe, Nevada where a substantial part of the events or omissions giving rise to the claims of the case occurred; and

(b) Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claims of the case occurred, or where any defendant resides.

## III.

## PARTIES

3. At all relevant times herein, Plaintiff ROBERT THURMAN-SILVA ("THURMAN-SILVA") was a citizen of the state of Nevada, residing in the County of Washoe, Nevada, and he was employed by Defendants EMPLOYBRIDGE SOUTHWEST, LLC d/b/a PROLOGISTIX,

2

THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC., and TESLA, INC, as a parts inspector at TESLA, INC.'s gigafactory located in Sparks, Nevada.

4. Defendant EMPLOYBRIDGE SOUTHWEST, LLC d/b/a PROLOGISTIX ("PROLOGISTIX") is a foreign limited-liability company, authorized to do business in the state of Nevada and actually doing business as a limited liability company in the state of Nevada, operating as a staffing agency that provides staffing services in the warehouse and logistics industry. EMPLOYBRIDGE SOUTHWEST, LLC d/b/a PROLOGISTIX ("PROLOGISTIX") is named as an employer Defendant herein, notwithstanding that during the EEOC administrative proceedings, a response to EEOC Charge No. 550-2018-00855 was lodged by "EmployBridge Southeast, LLC d/b/a ProLogistix," as a responding party.

5. Defendant THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC. ("TKSCS"), is a foreign corporation, authorized to do business in the state of Nevada, and actually doing business in the state of Nevada, providing supply chain services, such as warehousing, logistics, transportation, sub-assembly, sequencing, and parts rework, for companies in the manufacturing industry across North America. Defendant TKSCS is contracted by Defendant TESLA, INC., to perform quality insurance inspection services at TESLA'S gigafactory in Sparks, Nevada.

6. Defendant TESLA MOTORS, INC. ("TESLA"), is a is a foreign corporation, authorized to do business in the state of Nevada, and actually doing business in the state of Nevada, including designing, manufacturing, and selling fully electric vehicles, and energy storage systems, as well as installing, operating and maintaining solar and energy storage products.

7. The true names and capacities, of the Defendants sued herein as DOE BUSINESS ENTITIES 1-10, inclusive, are unknown to THURMAN-SILVA, who sues those Defendants by such fictitious names. THURMAN-SILVA alleges, on information and belief, that each of the Defendants sued herein as DOE BUSINESS ENTITIES 1-10, inclusive, at all relevant times, performed acts, or were responsible for performing acts, relating to matters involving THURMAN-SILVA's employment, efforts to continue his employment, termination, and all matters concerning their failure to accommodate THURMAN-SILVA's disabilities and their unlawful disability discrimination committed against THURMAN-SILVA, as described herein. THURMAN-SILVA alleges, on information and

3

belief, that each of the Defendants sued herein as DOE BUSINESS ENTITIES 1-10, inclusive, are responsible in some manner for the events and injuries alleged herein. THURMAN-SILVA alleges, on information and belief, DOE BUSINESS ENTITIES 1-10, inclusive, are, and at all times relevant hereto were, domestic or foreign business entities of any kind, including but not limited to corporations, associations, partnerships, companies, national associations, organizations, unions, non-profit organizations, and joint ventures, that were qualified to do business in Nevada or held themselves out to the public to be qualified to do business in Nevada, and actually did business as an entity in the State of Nevada, had a presence in Nevada or are otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes. THURMAN-SILVA will seek leave of Court to amend this Complaint to state the true names and capacities of DOE BUSINESS ENTITIES 1-10, inclusive, when they have been ascertained.

8. The true names and capacities, of the Defendants sued herein as DOE INDIVIDUALS 1-10, are unknown to THURMAN-SILVA, who sues those Defendants by such fictitious names. THURMAN-SILVA alleges, on information and belief, that each of the Defendants sued herein as DOE INDIVIDUALS 1-10, inclusive, at all relevant times, performed acts, or were responsible for performing acts, relating to matters involving THURMAN-SILVA's employment, efforts to continue his employment, termination, and all matters concerning their failure to accommodate THURMAN-SILVA's disabilities and their unlawful disability discrimination committed against THURMAN-SILVA, as described herein. THURMAN-SILVA alleges, on information and belief, that each of the Defendants sued herein as DOE INDIVIDUALS 1-10 inclusive, are responsible in some manner for the events and injuries alleged herein. THURMAN-SILVA alleges, on information and belief, DOE INDIVIDUALS 1-10, inclusive, are, and at all times relevant hereto were residents of the state of Nevada or had a presence in Nevada or are otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes. THURMAN-SILVA will seek leave of Court to amend this Complaint to state the true names and capacities of such Defendants when they have been ascertained.

9. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA were employers of THURMAN-SILVA within the meaning of 42 U.S.C. § 12111(5), and covered entities within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2, under a "joint employer" theory, sharing employment, funding, supervision and/or management, and control over THURMAN-SILVA.

## IV.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

10. At all relevant times herein, THURMAN-SILVA had, and has, a right leg-hip disarticulation (amputation), which disabilities ("Disabilities") substantially limit one or more of his major life activities.

11. At all relevant times herein, THURMAN-SILVA had, and has, a record of such Disabilities.

12. At all relevant times herein, Defendants have regarded THURMAN-SILVA as having such Disabilities.

13. At all relevant times herein, THURMAN-SILVA's Disabilities qualified, and qualify, as "disabilities," within the meaning of the ADA, including as codified at 42 U.S.C. §12102.

14. At all relevant times herein, Defendants, and each of them, were aware of THURMAN-SILVA's Disabilities.

15. On or around January 16, 2018, THURMAN-SILVA submitted an application and completed onboarding documents to PROLOGISTIX for PROLOGISTIX to place THURMAN-SILVA for employment.

16. On or around February 14, 2018, and again on February 26, 2018, PROLOGISTIX sent out texts stating: "PROLOGISTIX has open Inspector position on USA Parkway for a Tesla Vendor. $15/hr 12hr shifts days & nights. Are you interested? Shuttles available from Reno and Fernley!"

17. On information and belief, the text message was sent to everyone who had applied to PROLOGISTIX in the first quarter of the year.

18. On or around February 26, 2018, THURMAN-SILVA responded by text message that he was interested, and PROLOGISTIX requested THURMAN-SILVA come to PROLOGISTIX's office for an interview.

19. On February 27, 2018, THURMAN-SILVA texted Lenora Graham, PROLOGISTIX's Branch Manager, for directions to the office, and as part of the text message response, stated:

> Also, in full disclosure I am an amputee in a wheelchair. I am still very mobile, adaptable, and need minimal (if any) accommodations. I can stand up, lift heavy things, drive, kneel,

5

anything physical really, besides running and climbing a ladder. Would this physically prevent me from being an open inspector?

20. Lenora Graham replied by text message, stating "Let me find out about accommodations!"

21. Lenora Graham included THURMAN-SILVA's question in an e-mail that Graham sent to Lety Sotelo, Staffing Performance Manager at PROLOGISTIX, the same day on February 27, 2018.

22. In turn, the same day on February 27, 2018, Lety Sotelo forwarded THURMAN-SILVA's question by e-mail to TKSCS employees Kaitie O'Connell, Scheduling Manager, and Daniela Vega, whereby Ms. Sotelo stated "Is this something that can be accommodated he is desperate and looking for work."

23. Kaitie O'Connell then forwarded the message by e-mail to Dominic Bolden at TKSCS, stating "See below, thoughts on this?"

24. On information and belief these employees and/or agents of TKSCS, did not oppose THURMAN-SILVA's placement of employment by PROLOGISTIX.

25. On or about February 28, 2018, Lenora Graham responded to THURMAN-SILVA, and arranged for THURMAN-SILVA to come to PROLOGISTIX for an interview on March 5, 2018.

26. THURMAN-SILVA attended the interview at PROLOGISTIX on March 5, 2018, in his wheelchair.

27. On or around March 5, 2018, THURMAN-SILVA was approved for placement by PROLOGISTIX as a parts inspector, for TKSCS, who contracted with TESLA to perform parts inspection, at TESLA'S gigafactory in Sparks, Nevada.

28. On or around March 8, 2018, THURMAN-SILVA arrived at TESLA's gigafactory to obtain his identification bade in preparation to begin work on March 11, 2018, and when he appeared to obtain his identification badge, he did so in his wheelchair.

29. On or around March 11, 2018, THURMAN-SILVA reported for work as a quality control specialist at the gigafactory.

30. When reporting for work on or about March 11, 2018, THURMAN-SILVA arrived at the gigafactory and was directed to proceed to his computer workstation, which he did using his wheelchair.

31. Approximately 1-hour into his shift on the first day of work, THURMAN-SILVA was told by his supervisor, Richard, that Richard's supervisor, Cecil Kuns advised Richard that THURMAN-SILVA could not use his wheelchair.

32. THURMAN-SILVA requested to speak with Cecil Kuns' supervisor, who, on information and belief, was Katie O'Connell, whereby Ms. O'Connell affirmed that THURMAN-SILVA could not use his wheelchair.

33. THURMAN-SILVA contacted Crystal Vega, a TESLA Safety Technician, and asserted that he should be permitted to use his wheelchair at his computer workstation.

34. Ms. Vega agreed with THURMAN-SILVA and stated she would attempt to resolve the issue with TKSCS' and TESLA's human resources department in a few days, to permit THURMAN-SILVA to use his wheelchair.

35. THURMAN-SILVA was not permitted to continue working that day and was sent home.

36. On or around March 11, 2018, THURMAN-SILVA met with Lenora Graham at PROLOGISTIX concerning returning to work with the use of his wheelchair.

37. Lenora Graham stated to THURMAN-SILVA that she had been in contact with TKSCS and TESLA and advised THURMAN-SILVA that "it isn't going to work out."

38. THURMAN-SILVA was terminated on March 13, 2018.

39. THURMAN-SILVA timely submitted, or caused to be submitted, a charge of unlawful disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") in EEOC Claim Nos. 550-2018-00854, 550-2018-00855 and 550-2018-00856.

40. On August 15, 2019, the EEOC issued "right-to-sue letters" for the discrimination claims of this case, set forth in EEOC Claim Nos. 550-2018-00854, 550-2018-00855 and 550-2018-00856, pursuant to 42 U.S.C. § 2000e-5(f), and THURMAN-SILVA timely filed the instant suit within ninety (90) days of the receipt of these "right-to-sue letters."

. . .

7

*FEDERAL CLAIMS*

V.

**FIRST CLAIM FOR RELIEF**

**UNLAWFUL DISCRIMINATION BASED ON DISABILITY:**

**Failure to Accommodate Disabilities, Unlawful Terms and Conditions of Employment, and Termination of Employment**

**(Americans With Disabilities Act and Amendment Act - 42 U.S.C. § 12101** *et seq.***)**

41. THURMAN-SILVA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

42. At all relevant times herein, THURMAN-SILVA'S Disabilities were physical disabilities physical limitations to his body, including right leg-hip disarticulation (amputation), which Disabilities are covered by, and within the meaning of, the ADA codified at 42 U.S.C. § 12102 *et seq.*, in that these physical impairments substantially limited one or more of THURMAN-SILVA'S major life activities, including the activities of walking and standing.

43. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA, including through its agents and employees:

(a) were aware of THURMAN-SILVA'S Disabilities;

(b) were aware that THURMAN-SILVA had a record of such Disabilities; and/or

(c) regarded THURMAN-SILVA as having physical impairments, including his Disabilities, that substantially limited one or more of his major life activities, in connection with his amputation, including the activities of walking and standing.

44. Notwithstanding THURMAN-SILVA'S Disabilities, at all relevant times herein, THURMAN-SILVA was a qualified individual who could perform the essential functions of his job, with or without a reasonable accommodation of his Disabilities.

45. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA, including through its employees and agents, intentionally engaged in unlawful discrimination and disparate treatment of THURMAN-SILVA, as compared to other similarly-situated employees, and such differences in treatment were based on THURMAN-SILVA'S protected characteristic of his

Disabilities, described herein.

46. Defendants PROLOGISTIX, TKSCS and TESLA, through their employees and agents, engaged in such disparate treatment and unlawful discrimination of THURMAN-SILVA because of, or substantially motivated by, THURMAN-SILVA's disabilities, including, when:

    (a) failing to accommodate THURMAN-SILVA's Disabilities described herein;

    (b) failing to engage in the interactive process for those Disabilities; and

    (c) terminating THURMAN-SILVA from his employment.

47. At all relevant times herein, THURMAN-SILVA's Disabilities were because of, or were a motivating factor in the decisions of Defendants PROLOGISTIX, TKSCS and TESLA, including through its employees and agents, to intentionally engage in the disparate treatment and unlawful discrimination against THURMAN-SILVA, as described herein, for which Defendants PROLOGISTIX, TKSCS and TESLA are liable for its culpable conduct under the ADA and 42 U.S.C. § 12101 *et seq*.

48. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

49. The disparate treatment and unlawful discrimination by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of THURMAN-SILVA—including because Defendants summarily terminated THURMAN-SILVA after he pursued his rights to reasonable accommodation —warranting an award of punitive damages, to punish Defendants PROLOGISTIX, TKSCS and TESLA, in an amount determined by a jury at trial, according to law.

50. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

51. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendants PROLOGISTIX, TKSCS and TESLA violated THURMAN-SILVA'S rights by engaging in unlawful discrimination, as alleged herein.

52. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendants PROLOGISTIX, TKSCS and TESLA to give effect to the rights of THURMAN-SILVA, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case; and, if appropriate and feasible, the reinstatement of THURMAN-SILVA to his prior employment position, with full pay and benefits, as if never terminated.

## VI.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE ANTI-RETALIATION PROVISIONS OF THE ADA - 42 U.S.C. § 12203 *et seq.*

53. THURMAN-SILVA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

54. Under the anti-retaliation provision of the ADA, codified at 42 U.S.C. § 12203(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because the employee has opposed any practice made an unlawful employment practice by 42 U.S.C. § 12117, *et seq*. or because the employee has participated in an investigation concerning the same.

55. At all relevant times herein, THURMAN-SILVA engaged in conduct amounting to "protected activity" under the anti-retaliation provisions of the ADA, including, when THURMAN-SILVA requested a reasonable accommodation for his Disabilities.

56. During his employment, THURMAN-SILVA suffered adverse actions by Defendants including when Defendants PROLOGISTIX, TKSCS and TESLA terminated THURMAN-SILVA from his employment, as described herein.

57. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA and their employees, subjected THURMAN-SILVA to these adverse actions because of his participation in such protected activity relating to his Disabilities.

58. At all times relevant herein, such adverse actions taken by Defendants PROLOGISTIX, TKSCS and TESLA and their employees against THURMAN-SILVA would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such adverse employment actions materially affected the compensation, terms, conditions, or privileges of THURMAN-SILVA's employment and other rights secured to THURMAN-SILVA .

59. There was a causal link between THURMAN-SILVA's protected activity and these adverse employment actions that THURMAN-SILVA suffered.

60. Defendants PROLOGISTIX, TKSCS and TESLA and their employees unlawfully discriminated against THURMAN-SILVA by retaliation, described herein, and violated the anti-retaliation provisions of the ADA, including as codified at 42 U.S.C. § 12203.

61. As a result of the unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees, THURMAN-SILVA has suffered, and continues to suffer, losses, injuries, damages, and harm, including the following:

    (a) economic losses, including back pay, front pay, and pecuniary compensatory damages;

    (b) non-pecuniary, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; and

    (c) wrongful interference with his ability to find new employment in the future.

62. Accordingly, THURMAN-SILVA is entitled to compensatory and equitable damages, in

1 an amount to be proven at trial, and he is entitled to equitable relief to address harm that cannot adequately be remedied by money damages but requires injunctive relief, as prayed for herein.

63. The unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of THURMAN-SILVA —including because Defendants summarily terminated THURMAN-SILVA after he pursued his rights to reasonable accommodation—warranting an award of punitive damages, to punish Defendants PROLOGISTIX, TKSCS and TESLA, in an amount determined by a jury at trial, according to law.

64. As a result of this unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees, described herein, THURMAN-SILVA has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

65. As a result of this unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA, Defendants and their employees, described herein, THURMAN-SILVA is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendants PROLOGISTIX, TKSCS and TESLA and their employees violated THURMAN-SILVA's rights by engaging in unlawful discrimination and retaliation, as alleged herein.

66. As a result of this unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees, THURMAN-SILVA is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that:

(a) compels Defendants PROLOGISTIX, TKSCS and TESLA to remove false, adverse information contained in THURMAN-SILVA's personnel files, relating to the claims of this case, and

(b) if appropriate and feasible, compel Defendants PROLOGISTIX, TKSCS and TESLA to reinstate THURMAN-SILVA to his prior employment position, with full pay and benefits, as if never terminated.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

*STATE CLAIMS*

VII.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF NEVADA'S ANTI-DISCRIMINATION STATUTE (NRS 613.330) BASED ON DISABILITY**

67. THURMAN-SILVA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

68. Under Nevada's anti-discrimination statute, codified at NRS § 613.330, it is an unlawful employment practice for an employer to discriminate against any of its employees on the basis of the employee's disability.

69. At all relevant times herein, THURMAN-SILVA'S Disabilities were physical disabilities and related conditions, causing pain, suffering, and physical limitations to his body, including right leg-hip disarticulation (amputation), which Disabilities are covered by, and within the meaning of, NRS 613.330, in that these physical impairments substantially limited one or more of THURMAN-SILVA'S major life activities, including the activities of walking and standing.

70. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA, including through its agents and employees:

(a) were aware of THURMAN-SILVA'S Disabilities;

(b) were aware that THURMAN-SILVA had a record of such Disabilities; and/or

(c) regarded THURMAN-SILVA as having physical impairments, including his Disabilities, that substantially limited one or more of his major life activities, in connection with his amputation, including the activities of walking and standing.

71. Notwithstanding THURMAN-SILVA'S Disabilities, at all relevant times herein, THURMAN-SILVA could perform the essential functions of his job, with or without a reasonable accommodation of his Disabilities.

72. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA, including through its employees and agents, intentionally engaged in unlawful discrimination and disparate treatment of THURMAN-SILVA, as compared to other similarly-situated employees, and

such differences in treatment were based on THURMAN-SILVA'S protected characteristic of his Disabilities, described herein.

73. Defendants PROLOGISTIX, TKSCS and TESLA, through their employees and agents, engaged in such disparate treatment and unlawful discrimination of THURMAN-SILVA because of, or substantially motivated by, THURMAN-SILVA's disabilities, including, when:

    (a)    failing to accommodate THURMAN-SILVA's Disabilities described herein;

    (b)    failing to engage in the interactive process for those Disabilities; and

    (c)    terminating THURMAN-SILVA from his employment.

74. At all relevant times herein, THURMAN-SILVA's Disabilities were because of, or were a motivating factor in the decisions of Defendants PROLOGISTIX, TKSCS and TESLA, including through its employees and agents, to intentionally engage in the disparate treatment and unlawful discrimination against THURMAN-SILVA, as described herein, for which Defendants PROLOGISTIX, TKSCS and TESLA are liable for its culpable conduct under NRS 613.330.

75. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

76. The disparate treatment and unlawful discrimination by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of THURMAN-SILVA— including because Defendants summarily terminated THURMAN-SILVA after he pursued his rights to reasonable accommodation—warranting an award of punitive damages, to punish Defendants PROLOGISTIX, TKSCS and TESLA, in an amount determined by a jury at trial, according to law.

77. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

78. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendants PROLOGISTIX, TKSCS and TESLA violated THURMAN-SILVA'S rights by engaging in unlawful discrimination, as alleged herein.

79. As a result of such intentional, unlawful, and discriminatory conduct against THURMAN-SILVA by Defendants PROLOGISTIX, TKSCS and TESLA, including through their employees and agents, based on THURMAN-SILVA'S Disabilities, THURMAN-SILVA is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendants PROLOGISTIX, TKSCS and TESLA to give effect to the rights of THURMAN-SILVA, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case; and, if appropriate and feasible, the reinstatement of THURMAN-SILVA to his prior employment position, with full pay and benefits, as if never terminated.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE ANTI-RETALIATION PROVISIONS
OF NRS 613.340**

80. THURMAN-SILVA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

81. Under Nevada's anti-retaliation provision, codified at Nevada Revised Statutes ("NRS") § 613.340, it is an unlawful employment practice for an employer to discriminate against any of its employees because the employee has opposed any practice made an unlawful employment practice by NRS 613.310-613.4383 or because the employee has participated in an investigation concerning the

15

same.

82. At all relevant times herein, THURMAN-SILVA engaged in conduct amounting to "protected activity" under the anti-retaliation provisions of NRS § 613.340, including, when THURMAN-SILVA requested a reasonable accommodation for his Disabilities.

83. During his employment, THURMAN-SILVA suffered adverse actions by Defendants including when Defendants PROLOGISTIX, TKSCS and TESLA terminated THURMAN-SILVA from his employment, as described herein.

84. At all relevant times herein, Defendants PROLOGISTIX, TKSCS and TESLA and their employees, subjected THURMAN-SILVA to these adverse actions because of his participation in such protected activity relating to his Disabilities.

85. At all times relevant herein, such adverse actions taken by Defendants PROLOGISTIX, TKSCS and TESLA and their employees against THURMAN-SILVA would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such adverse employment actions materially affected the compensation, terms, conditions, or privileges of THURMAN-SILVA's employment and other rights secured to THURMAN-SILVA.

86. There was a causal link between THURMAN-SILVA's protected activity and these adverse employment actions that THURMAN-SILVA suffered.

87. Defendants PROLOGISTIX, TKSCS and TESLA and their employees unlawfully discriminated against THURMAN-SILVA by retaliation, described herein, and violated the anti-retaliation provisions of NRS § 613.340.

88. As a result of the unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees, THURMAN-SILVA has suffered, and continues to suffer, losses, injuries, damages, and harm, including the following:

    (a) economic losses, including back pay, front pay, and pecuniary compensatory damages;

    (b) non-pecuniary, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; and

    (c) wrongful interference with his ability to find new employment in the future.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

89. Accordingly, THURMAN-SILVA is entitled to compensatory and equitable damages, in an amount to be proven at trial, and he is entitled to equitable relief to address harm that cannot adequately be remedied by money damages but requires injunctive relief, as prayed for herein.

90. The unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of THURMAN-SILVA —including because Defendants summarily terminated THURMAN-SILVA after he pursued his rights to reasonable accommodation—warranting an award of punitive damages, to punish Defendants PROLOGISTIX, TKSCS and TESLA, in an amount determined by a jury at trial, according to law.

91. As a result of this unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees, described herein, THURMAN-SILVA has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

92. As a result of this unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA, Defendants and their employees, described herein, THURMAN-SILVA is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendants PROLOGISTIX, TKSCS and TESLA and their employees violated THURMAN-SILVA's rights by engaging in unlawful discrimination and retaliation, as alleged herein.

93. As a result of this unlawful discrimination and retaliation by Defendants PROLOGISTIX, TKSCS and TESLA and their employees, THURMAN-SILVA is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that:

(a) compels Defendants PROLOGISTIX, TKSCS and TESLA to remove false, adverse information contained in THURMAN-SILVA's personnel files, relating to the claims of this case, and

(b) if appropriate and feasible, compel Defendants PROLOGISTIX, TKSCS and TESLA to reinstate THURMAN-SILVA to his prior employment position, with full pay and benefits, as if never terminated.

# VI.

# PRAYER FOR RELIEF

WHEREFORE, THURMAN-SILVA prays for judgment against Defendants PROLOGISTIX, TKSCS and TESLA, as follows:

1. For equitable relief, including back pay and front pay;
2. For general, compensatory damages on all claims, in an amount to be proven at trial;
3. For special, compensatory damages on all claims, in an amount to be proven at trial;
4. For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial;
5. For exemplary and punitive damages, as allowed by law;
6. For costs of the suit incurred herein;
7. For attorneys' fees, costs, and prejudgment interest, as allowed by law;
8. For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;
9. For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, THURMAN-SILVA seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and the obligations of Defendants PROLOGISTIX, TKSCS and TESLA, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendants PROLOGISTIX, TKSCS and TESLA unlawfully discriminated against THURMAN-SILVA in violation of the ADA, and otherwise violated THURMAN-SILVA'S rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to THURMAN-SILVA'S employment and

re-employment;

10. Based on the foregoing, THURMAN-SILVA has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. This inadequacy is, in part, based on the fact that Defendants PROLOGISTIX, TKSCS and TESLA are currently maintaining false and disparaging information about THURMAN-SILVA's work performance and tenure at Defendants PROLOGISTIX, TKSCS and TESLA, which will be discovered by third parties, including prospective employers of THURMAN-SILVA, which will interfere with his ability to obtain employment, including re-employment at Defendants PROLOGISTIX, TKSCS and TESLA. As such THURMAN-SILVA is entitled to injunctive relief, including an injunction compelling Defendants:

(a) To remove false, adverse information contained in his personnel files relating to the claims of this case;

(b) To provide only a "neutral" job reference concerning THURMAN-SILVA's tenure at Defendants PROLOGISTIX, TKSCS and TESLA, to all inquiring prospective employers; and

(c) To reinstate THURMAN-SILVA's employment at PROLOGISTIX, TKSCS and TESLA, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. THURMAN-SILVA herein seeks Injunctive relief, equitably determined by the Court at trial;

11. For such other relief as the Court may deem just and proper; and

. . .

. . .

. . .

. . .

. . .

12. Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 12th Day of November 2019.       THE GEDDES LAW FIRM, P.C.

       /s/ Kristen Geddes
       KRISTEN R. GEDDES
       Nevada Bar Number 9027
       The Geddes Law Firm, P.C.
       8600 Technology Way, Suite 107
       Reno, Nevada 89521
       (775) 853-9455
       *Attorneys for Plaintiff*
       ROBERT THURMAN-SILVA